IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARIAN LUCHECHKO,<br>    Plaintiff,<br><br>v.<br><br>TRANS UNION, LLC,<br>    Defendant. | FILED: MARCH 20, 2008<br>08CV1626           AEE<br>JUDGE GRADY<br>MAGISTRATE JUDGE VALDEZ<br>Jury Demanded |

## COMPLAINT

### MATTERS COMMON TO MULTIPLE COUNTS

### INTRODUCTION

1.  Plaintiff Marian Luchechko brings this action to secure redress for the violation by credit reporting company Trans Union, LLC ("Trans Union") of the Fair Credit Reporting Act ("FCRA") 15 U.S.C. §1681 et seq.

### JURISDICTION AND VENUE

2.  This Court has federal subject matter jurisdiction under 28 U.S.C. §§1331 and 1337, and 15 U.S.C. § 1681p. Venue lies in this district because a substantial portion of the events took place here, and because defendant resides here. 28 U.S.C. § 1391.

### PARTIES

3.  Plaintiff is an individual who resides in this District.

4.  Defendant Trans Union is a consumer reporting agency under the FCRA, 15 U.S.C. § 1681a, and does business in Illinois. According to the Illinois Secretary of State, its principal Illinois office is located at 555 W Adams, Chicago, IL 60661, and its registered agent is Prentice Hall Corporation, 33 N. LaSalle St., Chicago, IL 60602.

### FACTS

5.  Plaintiff has a similar name and social security number with his mother, Maria

P. Luchechko.

6. In or around 1995, plaintiff contacted the three major credit bureaus and explained that they were confusing his mother's information with him. A customer service representative from Trans Union suggested that plaintiff should change his name.

7. After Trans Union continued to mix plaintiff's credit file with his mother's credit information, plaintiff contacted Trans Union again.

8. This time Trans Union suggested that plaintiff add a comment to the file, which he did. The comment stated: "DON'T CONFUSE WITH CONSUMERS OF SIMILAR IDENTIFICATION. VERIFY ALL IDENTIFYING APPLICANT INFORMATION."

9. In 2005, plaintiff reviewed his credit report when he was purchasing his home. at this time, he noticed that the comment no longer appeared in his credit report and that the bureaus were now adding his father's information to his credit report.

10. In 2005, plaintiff had the comment reinserted and disputed the information.

11. In a letter dated December 15, 2006 and mailed via certified mail on December 16, 2006, plaintiff sent a dispute letter to Trans Union, Experian and Equifax.

12. The December 15, 2006 letter listed plaintiff's name and social security number as well as the name and social security number of plaintiff's mother. The letter listed four of his mother's accounts and one of his father's accounts that were appearing on his credit report by name, account number and even included photocopies of the actual cards showing his mother's name on the cards. Plaintiff also set out the history of his disputes with the credit bureaus regarding this matter.

13. Plaintiff also provided his telephone number, address and his home and work e-mail for the bureaus to contact him if they require any additional information.

14. On December 29, 2006, TransUnion corrected plaintiff's account.

15. Subsequently, Trans Union again reported his mother's information on his credit report.

16. In a letter dated January 30, 2007, plaintiff again wrote Trans Union explaining how it listed his mother's Carson's Pirie Scott card on his credit report, which is why he was denied a Carson credit card. As a result of the denial, plaintiff did not receive the discount he would have received for opening a store account. Plaintiff included the receipts from that day and requested that Trans Union reimburse him.

17. On January 30, 2007 letter, plaintiff again requested that Trans Union not add his mother's or father's information to his report.

18. In the fall of 2007, plaintiff attempted to refinance his home loan.

19. At this time, plaintiff was denied the rate he applied for due to his mother's information continuing to appear on his credit report. While Trans Union was reporting the highest credit score at this time, the TransUnion credit score was discarded due to the fact that it was listing his mother's social security number. As such, the lender used a credit score that was 40 points below the TransUnion score, which resulted in a higher interest rate for plaintiff.

20. In addition, the report shows items that TransUnion previously deleted, but reinserted without notifying plaintiff.

21. Plaintiff again contacted Trans Union and faxed a copy of his id and social security card on August 31, 2007 requesting that the information be removed.

22. Rather then correct the problem, TransUnion is now reporting his social security information on his mother's credit report.

23. Plaintiff has applied for and been denied credit as a direct result of Trans

Union's action and/or inaction regarding erroneous tradelines and information.

24. Plaintiff has also suffered anxiety, emotional distress, embarrassment and loss of time as a result of Trans Union's unreasonable investigation of his account.

## **VIOLATIONS ALLEGED**

25. Defendant violated the FCRA with respect to plaintiff.

26. The FCRA requires consumer reporting companies to follow reasonable procedures to assure maximum possible accuracy of information concerning the individual about whom a credit report relates. 15 U.S.C. § 1681e(b).

27. Trans Union failed to follow reasonable procedures to ensure plaintiff's credit report was as accurate as possible, as evidenced by its failure to differentiate between plaintiff and his mother before and after plaintiff complained about the mis-merged information.

28. Trans Union failed to follow reasonable procedures to correct plaintiff's credit report when notified of the problems complained of herein, as evidenced by it failure to fix the mis-merged information.

29. The FCRA 15 U.S.C. §1681i(a)(5)(C) requires a CRA to notify a consumer within 5 days of reinsertion of any previously deleted or suppressed information. Defendant failed to notify plaintiff when it reinserted his mother's information.

30. Defendant's acts and omissions complained of herein were willful. 15 U.S.C. § 1681n.

31. Alternatively, defendant's acts and omissions complained of herein were negligent. 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff respectfully requests judgment in his favor and against Trans Union, LLC for:

    a.    Actual damages

    b.    Statutory and punitive damages in the event of willful noncompliance;

    c.    Attorney's fees and costs; and

    d.    Other relief as the court deems just.

/s Keith J. Keogh
Keith J. Keogh

Keith J. Keogh
Alexander H. Burke
LAW OFFICES OF KEITH J. KEOGH, LTD.
227 W. Monroe St., Suite 2000
Chicago, Illinois 60606
(312) 726-1092 (office)
(312) 726-1093 (fax)

JURY DEMAND

Plaintiff demands trial by jury.

/s/ Keith J. Keogh
Keith J. Keogh