UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS (CHICAGO)

| | |
|---|---|
| MARIAN LUCHECHKO,<br>　　　　Plaintiff,<br><br>vs.<br><br>TRANS UNION, LLC;<br>　　　　Defendant. | CASE NO. 1:08-cv-01626<br><br>Judge John F. Grady<br><br>**JURY TRIAL DEMANDED** |

**TRANS UNION, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND
AFFIRMATIVE DEFENSES**

Trans Union, LLC ("Trans Union"), by counsel, responds to Plaintiff's Complaint (the "Complaint") as follows. For the Court's convenience, Plaintiff's allegations are set forth verbatim with Trans Union's responses immediately following.

## INTRODUCTION

1. Plaintiff Marian Luchechko brings this action to secure redress for the violation by credit reporting company Trans Union, LLC ("Trans Union") of the Fair Credit Reporting Act ("FCRA") 15 U.S.C. §1681 et seq.

**ANSWER:** Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

## JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction under 28 U.S.C. §§1331 and 1337, and 15 U.S.C. § 1681p. Venue lies in this district because a substantial portion of the events took place here, and because defendant resides here. 28 U.S.C. § 1391.

**ANSWER:** Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

## PARTIES

3.    Plaintiff is an individual who resides in this District.

**ANSWER:**    Trans Union states that it has insufficient knowledge to admit or deny the allegations of this paragraph.

4.    Defendant Trans Union is a consumer reporting agency under the FCRA, 15 U.S.C. § 1681a, and does business in Illinois.  According to the Illinois Secretary of State, its principal Illinois office is located at 555 W Adams, Chicago, IL 60661, and its registered agent is Prentice Hall Corporation, 33 N. LaSalle St., Chicago, IL 60602.

**ANSWER:**    Trans Union admits that it is a "consumer reporting agency" as that term is defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*.  Trans Union further admits that it is a Delaware limited liability company with its principal place of business in Chicago, Illinois.

## FACTS

5.    Plaintiff has a similar name and social security number with his mother, Maria P. Luchechko.

**ANSWER:**    Trans Union states that it has insufficient knowledge to admit or deny the allegations of this paragraph.

6.    In or around 1995, plaintiff contacted the three major credit bureaus and explained that they were confusing his mother's information with him. A customer service representative from Trans Union suggested that plaintiff should change his name.

**ANSWER:**    Trans Union states that it has insufficient knowledge to admit or deny the allegations of this paragraph as they relate to Trans Union.

7. After Trans Union continued to mix plaintiff's credit file with his mother's credit information, plaintiff contacted Trans Union again.

**ANSWER:** Trans Union states that it has insufficient knowledge at this time to admit or deny the allegations of this paragraph and, so stating, denies them.

8. This time Trans Union suggested that plaintiff add a comment to the file, which he did. The comment stated: "DON'T CONFUSE WITH CONSUMERS OF SIMILAR IDENTIFICATION.  VERIFY ALL IDENTIFYING APPLICANT INFORMATION."

**ANSWER:** Trans Union states that it has insufficient knowledge at this time to admit or deny the allegations of this paragraph.

9. In 2005, plaintiff reviewed his credit report when he was purchasing his home. at [sic] this time, he noticed that the comment no longer appeared in his credit report and that the bureaus were now adding his father's information to his credit report.

**ANSWER:** Trans Union states that it has insufficient knowledge to admit or deny the allegations of this paragraph as they relate to Trans Union.

10. In 2005, plaintiff had the comment reinserted and disputed the information.

**ANSWER:** Trans Union states that it has insufficient knowledge at this time to admit or deny the allegations of this paragraph.

11. In a letter dated December 15, 2006 and mailed via certified mail on December 16, 2006, plaintiff sent a dispute letter to Trans Union, Experian and Equifax.

**ANSWER:** Trans Union states that it has insufficient knowledge at this time to admit or deny the allegations of this paragraph as they relate to Trans Union.

12. The December 15, 2006 letter listed plaintiff's name and social security number as well as the name and social security number of plaintiff's mother.  The letter listed four of his

mother's accounts and one of his father's accounts that were appearing on his credit report by name, account number and even included photocopies of the actual cards showing his mother's name on the cards. Plaintiff also set out the history of his disputes with the credit bureaus regarding this matter.

**ANSWER:** Trans Union states that it has insufficient knowledge at this time to admit or deny the allegations of this paragraph as they relate to Trans Union.

13. Plaintiff also provided his telephone number, address and his home and work e-mail for the bureaus to contact him if they require any additional information.

**ANSWER:** Trans Union states that it has insufficient knowledge at this time to admit or deny the allegations of this paragraph as they relate to Trans Union.

14. On December 29, 2006, TransUnion corrected plaintiff's account.

**ANSWER:** Trans Union states that it has insufficient knowledge at this time to admit or deny the allegations of this paragraph.

15. Subsequently, Trans Union again reported his mother's information on his credit report.

**ANSWER:** Trans Union states that it has insufficient knowledge at this time to admit or deny the allegations of this paragraph.

16. In a letter dated January 30, 2007, plaintiff again wrote Trans Union explaining how it listed his mother's Carson's Pirie Scott card on his credit report, which is why he was denied a Carson credit card. As a result of the denial, plaintiff did not receive the discount he would have received for opening a store account. Plaintiff included the receipts from that day and requested that Trans Union reimburse him.

**ANSWER:** Trans Union states that it has insufficient knowledge at this time to admit or deny the allegations of this paragraph concerning Plaintiff's contacts with Trans Union. Trans Union states that the remaining allegations of this paragraph regarding Plaintiff's alleged denial of credit are legal conclusions and, so stating, denies them.

17. On January 30, 2007 letter [sic], plaintiff again requested that Trans Union not add his mother's or father's information to his report.

**ANSWER:** Trans Union states that it has insufficient knowledge at this time to admit or deny the allegations of this paragraph.

18. In the fall of 2007, plaintiff attempted to refinance his home loan.

**ANSWER:** Trans Union states that it has insufficient knowledge to admit or deny the allegations of this paragraph.

19. At this time, plaintiff was denied the rate he applied for due to his mother's information continuing to appear on his credit report. While Trans Union was reporting the highest credit score at this time, the TransUnion credit score was discarded due to the fact that it was listing his mother's social security number. As such, the lender used a credit score that was 40 points below the TransUnion score, which resulted in a higher interest rate for plaintiff.

**ANSWER:** Trans Union states that the allegations contained in the first sentence of this paragraph are legal conclusions and, so stating, denies them. Trans Union states that it has insufficient knowledge to admit or deny the remaining allegations of this paragraph and, so stating, denies them.

20. In addition, the report shows items that TransUnion previously deleted, but reinserted without notifying plaintiff.

**ANSWER:** Trans Union states that it has insufficient knowledge to admit or deny the allegations of this paragraph and, so stating, denies them.

21. Plaintiff again contacted Trans Union and faxed a copy of his id and social security card on August 31, 2007 requesting that the information be removed.

**ANSWER:** Trans Union states that it has insufficient knowledge at this time to admit or deny the allegations of this paragraph.

22. Rather then [sic] correct the problem, TransUnion is now reporting his social security information on his mother's credit report.

**ANSWER:** Trans Union states that it has insufficient knowledge to admit or deny the allegations of this paragraph.

23. Plaintiff has applied for and been denied credit as a direct result of TransUnion's action and/or inaction regarding erroneous tradelines and information.

**ANSWER:** Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

24. Plaintiff has also suffered anxiety, emotional distress, embarrassment and loss of time as a result of Trans Union's unreasonable investigation of his account.

**ANSWER:** Trans Union denies the allegations contained in this paragraph.

## VIOLATIONS ALLEGED

25. Defendant violated the FCRA with respect to plaintiff.

**ANSWER:** Trans Union denies the allegations contained in this paragraph.

26. The FCRA requires consumer reporting companies to follow reasonable procedures to assure maximum possible accuracy of information concerning the individual about whom a credit report relates. 15 U.S.C. § 1681e(b).

**ANSWER:** Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

27. Trans Union failed to follow reasonable procedures to ensure plaintiff's credit report was as accurate as possible, as evidenced by its failure to differentiate between plaintiff and his mother before and after plaintiff complained about the mis-merged information.

**ANSWER:** Trans Union denies the allegations contained in this paragraph.

28. Trans Union failed to follow reasonable procedures to correct plaintiff's credit report when notified of the problems complained of herein, as evidenced by it [sic] failure to fix the mis-merged information.

**ANSWER:** Trans Union denies the allegations contained in this paragraph.

29. The FCRA 15 U.S.C. §1681i(a)(5)(C) requires a CRA to notify a consumer within 5 days of reinsertion of any previously deleted or suppressed information. Defendant failed to notify plaintiff when it reinserted his mother's information.

**ANSWER:** Trans Union states that the allegations contained in the first sentence of this paragraph are legal conclusions and, so stating, denies them. Trans Union denies the remaining allegations contained in this paragraph.

30. Defendant's acts and omissions complained of herein were willful. 15 U.S.C. § 1681n.

**ANSWER:** Trans Union denies the allegations contained in this paragraph.

31. Alternatively, defendant's acts and omissions complained of herein were negligent. 15 U.S.C. § 1681o.

**ANSWER:** Trans Union denies the allegations contained in this paragraph.

WHEREFORE, Plaintiff respectfully requests judgment in his favor and against Trans Union, LLC for:

      a.    Actual damages

      b.    Statutory and punitive damages in the event of willful noncompliance;

      c.    Attorney's fees and costs; and

      d.    Other relief as the court deems just.

**ANSWER:** Trans Union denies that Plaintiff is entitled to the relief sought.

## AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state a claim against Trans Union upon which relief may be granted.

2. Plaintiff's state law and common law claims are pre-empted by the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*

3. Trans Union's reports concerning Plaintiff were true or substantially true.

4. Trans Union has at all times followed reasonable procedures to assure maximum possible accuracy of its credit reports concerning Plaintiff.

5. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

6. Plaintiff's claims are barred, in whole or in part, by 15 U.S.C. §§ 1681h(e) and/or 1681(t).

7. At all relevant times, Trans Union acted within the absolute and qualified privileges afforded it under the FCRA, the United States Constitution, applicable State Constitutions, and the common law.

8. Plaintiff's claims are barred, in whole, or in part, by the equitable theories of estoppel, waiver, and laches.

9. Plaintiff has failed to take reasonable steps to mitigate his damages, if any.

10. Plaintiff's damages are the result of acts or omissions committed by Plaintiff.

11. Plaintiff's damages are the result of acts or omissions committed by the other parties over whom Trans Union has no responsibility or control.

12. Plaintiff's damages are the result of acts or omissions committed by non-parties to this action over whom Trans Union has no responsibility or control.

13. Any claim for exemplary or punitive damages asserted by Plaintiff violates Trans Union's rights under the Due Process and Excessive Fines clauses of the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution and the analogous provisions of applicable State Constitutions, and under the First Amendment of the United States Constitution and the analogous provisions of applicable State Constitutions.

14. Trans Union reserves the right to assert additional defenses as may become apparent through additional investigation and discovery.

WHEREFORE, Defendant Trans Union, LLC, by counsel, denies that Plaintiff is entitled to judgment or to any of the relief sought, and respectfully requests that judgment be entered in its favor and against Plaintiff on all counts set forth in the Complaint, and that Trans Union, LLC be awarded its costs incurred in defending this action, along with such other relief as this Court deems equitable and just.

Respectfully submitted,

*s/ Robert J. Schuckit*
Robert J. Schuckit, Esq. (IL Bar #6183900)
Schuckit & Associates, P.C.
30th Floor, Market Tower
10 W. Market Street, Suite 3000
Indianapolis, IN  46204
Telephone:  317-363-2400
Fax:  317-363-2257
E-Mail:  rschuckit@schuckitlaw.com

*Counsel for Trans Union, LLC*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing **TRANS UNION, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES** has been filed electronically on the **16th day of April, 2008**.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's electronic filing.

| Keith J. Keogh, Esq. | Alexander H. Burke, Esq. |
| keith@keoghlaw.com | aburke@keoghlaw.com |

The undersigned further certifies that a true copy of the foregoing **TRANS UNION, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES** was served on the following parties via First Class, U.S. Mail, postage prepaid, on the **16th day of April, 2008**, properly addressed as follows:

| None | |

*s/ Robert J. Schuckit*
Robert J. Schuckit, Esq. (IL Bar #6183900)
Schuckit & Associates, P.C.
30th Floor, Market Tower
10 W. Market Street, Suite 3000
Indianapolis, IN  46204
Telephone:  317-363-2400
Fax:  317-363-2257
E-Mail:  rschuckit@schuckitlaw.com

*Counsel for Trans Union, LLC*